The plaintiff contends that all the land mentioned in the deed passed thereby, except the graveyard; and the defendant insists that the tracts of 45-acres and 50-acres are excepted. The deed is very inartificially drawn and obscurely worded. But that ought not to make any difference, if the intention of the parties can be discovered. That forms the true rule of construction of deeds as well as other instruments. And it appears to me that the meaning of these parties is very obvious. McSwain owned the three tracts of land described in the deed. They adjoined each other, and his cultivated land included parts of all of them. He resided on the 45-acre tract, where his houses and buildings and orchard were situate. In the deed he conveys (in terms of general description) his "plantation whereon he then dwelt, together with the houses and buildings, all orchards, etc., thereunto (608) belonging." He then proceeds in a more particular manner to describe the lands, and says, "It is part of a patent to Milines, containing 200 acres," and sets forth the boundaries. Then follows a clause in these words: "One half-acre land where my graveyard is, which is at the end of my garden, is excepted. Together with," etc. And here it is said, for the defendant, that the word together couples the 45-acres with the *Page 438 
graveyard, and, consequently, includes them in the exception. It is to be recollected that the graveyard is not on the Milines patent, but on the small tract. Then, I ask, why except the graveyard, if nothing more was to be conveyed but the Milines patent? Again, if the whole of the 45 acres were to be retained, why specially except the half-acre, which formed a part of that tract? Moreover, he describes the 45 acres as the parcel on which the houses stand; and it appears in evidence that the orchard is also there. The first general description expressly includes them. That surely would not have been the case if they were not situated on a part of the land intended ultimately to pass by that deed, but on another tract, which was to be entirely excepted. From these circumstances I am very clear that the second tract is conveyed; and if so, the third also.
Wherefore, I am for a new trial.
The other judges concurred.*
NOTE. — See Wiggs v. Saunders, 20 N.C. 480; see, also, Sneed v.Harris, post, 672, a case of a devise.
* DANIEL, J., gave no opinion.
(609)